UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| GUADALUPE RODRIGUEZ and JOSE LOPEZ, on behalf of themselves and as legal guardians and parents of C.L., a minor individual with disabilities,<br><br>                Plaintiffs,<br><br>v.<br><br>INDEPENDENT SCHOOL DISTRICT OF BOISE CITY, NO. 1,<br><br>                Defendant. | Case No. 1:12-cv-00390-CWD<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

Before the Court is Plaintiffs' Motion Regarding Right to Discovery, (Dkt. 14), which seeks an answer to the question of whether discovery is available in an administrative appeal from a Special Education Hearing Officer's decision under the Individuals with Disabilities Education Act ("IDEA"). 20 U.S.C. § 1400 et seq. The short answer to the question is yes, but the scope of discovery available is more limited than Plaintiffs suggest in their motion. The party seeking discovery must identify for the

district court the particular discovery sought, how the discovery is directly relevant to the specific issue or issues raised in the complaint challenging the Hearing Officer's decision, and how the discovery is neither cumulative nor duplicative of the evidence introduced in the administrative proceedings.

## BACKGROUND

C.L. is a 14-year-old student with multiple disabilities, including Autism. During the 2010-2011 school year, C.L. attended sixth grade at Garfield Elementary School within the Independent School District of Boise City, No. 1 (the "District"). C.L. received special education throughout elementary school, subject to an Individualized Education Program ("IEP") under the IDEA from kindergarten through the sixth grade, with the most recent IEP dated December 15, 2010. (*Pl.s' Compl.* ¶ 16, Dkt. 1.)

Following the completion of sixth grade, C.L. was transferred to Hillside Junior High School within the District. C.L.'s attendance at Hillside required a one-hour bus ride to school. (*Id.* ¶ 17.) Plaintiffs' allege that, shortly after beginning junior high at Hillside, C.L. began arriving home noticeably stressed, including an incident in September 2011 in which C.L. arrived home with blood on his arm and reported that a teacher had pushed him and caused him to fall. (*Id.* ¶¶ 16, 17.) In October of 2011, C.L.'s parents informed the District in writing that C.L. was experiencing an extreme amount of anxiety related to incidents that occurred at school and that he was refusing to attend school due to his anxiety. (*Id.* ¶ 19.) C.L.'s parents then requested an IEP meeting to address their concerns. (*Id.*)

ORDER - 2

C.L. did not attend school from October 14, 2011, until June of 2012. (*Id.* ¶ 20.) In November of 2011, C.L.'s parents requested that the District provide C.L. with homebound services. (*Id.* ¶ 21.) The request was rejected. (*Id.*) In December 2011, C.L.'s parents submitted a letter to the District from Dr. Joseph Kiehl, who recommended C.L. receive homebound services until the District developed a plan for C.L. to reintegrate into school. (*Id.* ¶ 22.) The District again rejected C.L.'s parents' request in February of 2012. (*Id.*)

In December of 2011, C.L.'s parents received and rejected an IEP proposed by the District, which Plaintiffs allege significantly reduced C.L.'s individual development therapy services. C.L.'s parents filed a Due Process Complaint under the IDEA on February 21, 2012, requesting the Hearing Officer to find that C.L. was entitled to homebound services. (*Id.* ¶ 23.) The issues before HO Uranga were: (1) whether the District failed to provide C.L. with an appropriate IEP, addressing his anxiety about returning to the school; (2) whether C.L. was entitled to homebound services pending transition back to the school environment; and (3) whether C.L. was entitled to compensatory education to "make up for lost time" during the District's failure over six months to provide C.L. with any educational services. (*See Pet'rs' Pre-Hearing Br.*, dated April 23, 2012, at pp. 4-5.)

A due process hearing was held before Hearing Officer Jean Uranga ("HO Uranga") from May 1, 2012, through May 4, 2012. (*Pl.s' Compl.* ¶ 24.) HO Uranga issued her Findings of Fact, Conclusions of Law and Order denying Plaintiffs' requested

**ORDER - 3**

relief on June 21, 2012. (*Id.* ¶ 25.)

Following HO Uranga's decision, C.L. and his parents filed their complaint in this case pursuant to 20 U.S.C. § 1415(i)(2), which provides that "[a]ny party aggrieved by the findings and decision made [by a hearing officer] . . .shall have the right to bring a civil action . . . in a district court of the United States."

Throughout the administrative process, Plaintiffs requested C.L.'s educational records from the District under the Family Educational Rights and Privacy Act ("FERPA"). Believing the District filed to provide all the materials to which C.L.'s parents were entitled, C.L.'s parents filed a motion to compel. That motion was denied by HO Uranga.

On November 26, 2012, in connection with the current appeal, counsel for Plaintiffs informed the District that they intended to conduct discovery in this matter. Counsel for the District responded by stating that there is no right to discovery in this matter because it is an appeal from an administrative proceeding. Given the parties' disagreement on this issue, Plaintiffs filed the present motion seeking guidance on the discovery issue before expending the time and resources involved with propounding their discovery requests.

In their motion, Plaintiffs contend that the District "has consistently refused to provide relevant information to Plaintiffs, including the identities of personnel who had contact with C.L. and including observations, evaluations, and interviews conducted regarding C.L." (Dkt. 14-1 at 2.) Plaintiffs argue that, "[w]ithout this information, [the

**ORDER - 4**

District] has unilateral discretion to control what is or is not provided to Plaintiffs and this Court regarding C.L., effectively giving [the District] the power to protect significant information that might otherwise be contrary to [the District's] position in this litigation." (*Id.*) Plaintiffs now seek clarification from the Court on whether discovery is available under the IDEA.

## DISCUSSION

The IDEA guarantees every disabled child a Free Appropriate Public Education ("FAPE") and provides a procedural framework under which a student's parents can assert that right. Among those procedural safeguards is the right to an impartial due process hearing under Section 1415(f), and the right to appeal the decision from such a hearing in a civil action commenced in state or federal court under Section 1415(i)(2). In granting federal courts subject matter jurisdiction over IDEA administrative appeals, Congress mandated that the district courts "(i) shall receive the records of the administrative proceedings; (ii) *shall hear additional evidence at the request of a party*; and (iii) basing its decision on the preponderance of the evidence, shall grant such relief as the court determines is appropriate." 20 U.S.C. § 1415(i)(2)(C) (emphasis added).

Plaintiffs argue that, "because [they] have the right to augment the record, [they] also have the right to conduct discovery within the scope of Rule 26(b) [of the Federal Rules of Civil Procedure]." (Dkt. 14-1 at 4.) In its original Response to Plaintiffs' motion, the District challenged the proposition that discovery is available in this case, stating that "Plaintiffs do not cite to–and Defendant was unable to find–any case law in which a

**ORDER - 5**

federal court authorized discovery for judicial review of an IDEA administrative decision." (Dkt. 15 at 4.) At the hearing on the motion, the District changed course and conceded that the case law indicates limited discovery is indeed available.

Having reviewed the applicable authorities, the Court finds that limited discovery is available and, because Plaintiffs filed the present motion before beginning the discovery process, the Court will take the time here to discuss the scope of permissible discovery in this case. In seeking discovery in this case, the parties should be guided by the discussion below.

As a starting point, the Court recognizes (and Plaintiffs concede) that discovery generally is not permitted in administrative appeals. This rule is premised on the notion that the court's decision must be based solely on the administrative record. The IDEA, however, is different. Congress expressly directed the district courts to receive "additional evidence at the request of a party." 20 U.S.C. § 1415(i)(2)(C). As the United States Court of Appeals for the Ninth Circuit has recognized, "judicial review in IDEA cases differs substantially from judicial review of other agency actions, in which courts generally are confined to the administrative record and are held to a highly deferential standard of review." *Ojai Unified Sch. Dist. v. Jackson*, 4 F.3d 1467, 1471 (9th Cir. 1993) (citing *Kerkam v. McKenzie*, 862 F.2d 884, 887 (D.C. Cir. 1988) ("the district court's authority under § 1415(e) to supplement the record below with new evidence, as well as Congress's call for a decision based on the 'preponderance of the evidence,' plainly suggests less deference than is conventional [in the review of agency actions]")).

**ORDER - 6**

Not all evidence, however, is "additional evidence" within the meaning of the statute. The Ninth Circuit has interpreted "additional evidence" as including "evidence that is non-cumulative, relevant, and otherwise admissible." *E.M. v. Pajaro Valley Unif. Sch. Dist.*, 652 F.3d 999, 1005 (9th Cir. 2011). The Court is required to give "due weight" to the hearing officer's decision, and the Ninth Circuit has held that "particular deference" is given "where the hearing officer's administrative findings are 'thorough and careful.'" *R.B., ex rel. F.B. v. Napa Valley Unified Sch. Dist.*, 496 F.3d 932, 937 (9th Cir. 2007) (quoting *Union Sch. Dist. v. Smith*, 15 F.3d 1519, 1524 (9th Cir. 1994)). Given this standard of review, the Ninth Circuit has instructed the district courts to "be careful not to allow such evidence to change the character of the hearing from one of review to a trial de novo." *Ojai Unif. Sch. Dist.*, 4 F.3d at 1473.

Additional evidence means supplemental evidence. "Thus construed, this clause does not authorize witnesses at trial to repeat or embellish their prior administrative hearing testimony." *Id.* at 1472-73. "The determination of what is "additional" evidence must be left to the discretion of the trial court" and the reasons for supplementation will vary; "they might include gaps in the administrative transcript owing to mechanical failure, unavailability of a witness, an improper exclusion of evidence by the administrative agency, and evidence concerning relevant events occurring subsequent to the administrative hearing." *Id.* at 1473.[1]

---

[1] If either party files a motion to compel discovery in this case, the Court expects that the party will explain why supplementation is necessary. The potential reasons given

ORDER - 7

In its initial Response, the District did not take issue with the Ninth Circuit's interpretation of "additional evidence." Instead, the District argued that the Court of Appeals' interpretation does not answer the question posed by the Plaintiffs: whether the statutory language requiring that the Court receive additional evidence gives rise to a right to discovery. The District originally argued that it does not. For the reasons below, the Court disagrees.

One treatise states the following concerning the right to discovery in appeals from a hearing officer's decision under the IDEA:

> To prepare for presenting supplemental evidence, discovery may be undertaken as in any other civil case. Its scope is limited to the type of evidence which a court has no discretion to admit at trial. Discovery must relate to matters that are relevant to the review.

James A. Rapp, *Education Law*, 4-10C § 10C.12 (2012) (citing *Johnson v. Olathe Dist. Schools*, 212 F.R.D. 582 (D. Kan. 2003); *Patricia P. v. Bd. of Educ. Of Oak Park*, 203 F.3d 462 (7th Cir. 2000)). The proposition that discovery is available in appeals under the IDEA is also supported by the case law.

In *N.P. v. East Orange Board of Education*, 2008 U.S. Dist. LEXIS 97507 (D. N.J. 2008), the plaintiff filed a motion to compel discovery and, like the District in this case, the defendant school board argued that discovery was not permitted under the IDEA. The district court disagreed with the school board, stating that, "[i]f a Court requires

---

by the Ninth Circuit in *Ojai Unified School District* are a good starting point.

**ORDER - 8**

additional evidence in order to form the independent judgment that Congress directed and Defendant is in the possession of the discovery, it follows that the Court should compel discovery." *Id*. at * 5.

Reaching this conclusion, the district court relied upon the Third Circuit's holding in *Susan N. v. Wilson School District*, 70 F.3d 751 (3d Cir. 1995), which held that a "rigid" reading of "additional evidence" would "unduly limit a court's discretion and constrict its ability to form the independent judgment Congress expressly directed." *Id*. at 758. The district court also rejected the school board's argument that the plaintiff was barred from discovery because the student attempted to compel discovery during the administrative proceedings. The district court stated that "the Board is not relieved of its obligations during this stage of the litigation simply because it managed to escape them during the administrative proceeding." 2008 U.S. Dist. LEXIS 97507 at *6.

In *Jordan S. v. Hewlett Woodmere Union Free School District*, the United States District Court for the Eastern District of New York reached a similar conclusion. 2009 U.S. Dist. LEXIS 27460 (E.D.N.Y. 2009). In that case, the district court first recognized that "[t]here is no specific restriction, such as in ERISA cases, that prevents a party from discovering information beyond the administrative record." *Id*. at *11 (quoting *H.H. v. Indiana Bd. Of Special Educ.*, 2007 U.S. Dist. LEXIS 74382 (N.D. Ind. 2007). Weighing the concern that the hearing officer's decision should be afforded due weight against the student's right to fair review of that decision, the district court found that both parties would be allowed to conduct a limited amount of discovery. *Id*. at * 12.

**ORDER - 9**

## CONCLUSION

Based on the above discussion, the Court finds that discovery is available in administrative appeals from a special education hearing officer's decision under the IDEA. Plaintiffs' motion for clarification will therefore be granted. This Memorandum Decision and Order, however, does not authorize any specific discovery.

Both parties will be afforded the opportunity to request discovery and file motions seeking discovery if the parties cannot agree as to what is discoverable. The scope of discovery, however, will be limited. The parties must demonstrate that the discovery sought is relevant. And relevance under these circumstances is not an abstract concept: the party seeking discovery must demonstrate that the discovery sought is "relevant to the issue properly before the district court." *S.M. v. Bd. of Educ. Of Albuquerque Public Schools*, 565 F.3d 1232, 1241 (10th Cir. 2009). That is, the discovery must relate to the assignments of error raised in the administrative appeal. The party seeking discovery must also demonstrate that the discovery is not cumulative of the materials received during the administrative proceedings. Ultimately, when seeking discovery in this case, the parties should be aware that the Court will not allow discovery of such evidence that would change the character of this proceeding from one of review to a trial *de novo*.

## ORDER

**NOW THEREFORE IT IS HEREBY ORDERED:**

1) Plaintiff's Motion Regarding Right to Discovery (Dkt. 14) is **GRANTED** to the extent that the above memorandum addressed the question posed in the motion.

**ORDER - 10**

2) The parties shall propound their discovery requests, if any, on or before March 22, 2013. Responses to the discovery requests, including objections, shall be served within 30 days of the request. The parties shall meet and confer within two weeks following the discovery request and response period. Motions to compel, if necessary, may be filed within seven days after the parties meet and confer. The non-moving party should be prepared for an expedited response deadline to such motion. Motions that do not address the relevancy of the material sought to the particular issue(s) raised in the Complaint will be denied. Motions that do not explain how the materials sought fall within the Ninth Circuit's definition of "additional material" will similarly be denied. In the meantime, the parties should proceed with discovery to the extent not objected to, with a goal of completing all discovery requested or compelled by the Court no later than July 31, 2013.



DATED: March 11, 2013

Honorable Candy W. Dale
Chief United States Magistrate Judge

**ORDER - 11**